UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

TM BRANDS, LLC, a Florida limited liability company,

Plaintiff,

v.

GARAGEWATCHES, LLC, a Florida limited liability company,

Defendant.                                    /

## VERIFIED COMPLAINT

TM Brands, LLC ("TM Brands" or "Plaintiff") hereby sues GARAGEWATCHES, LLC ("Garagewatches" or "Defendant"), and in support alleges as follows:

## NATURE AND BASIS OF ACTION

1. This is an action for: (i) trademark infringement in violation of Section 32(1) of the Federal Trademark Act of 1946, known as the Lanham Act, 15 U.S.C. § 1114 (1) (the "Lanham Act"); (ii) trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) unfair competition, false designation of origin and false description in violation of 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iv) statutory injury to business and dilution in violation of Florida Statutes § 495.011 et seq.; (v) common law unfair competition; and (vi) violation of Florida Statutes § 501.201 et seq., commonly known as the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").  TM Brands seeks equitable relief, injunctive relief and monetary damages.

## PARTIES

2. Plaintiff TM Brands is a Florida limited liability company, having its principal place of business in Hollywood, Florida.

3. Defendant Garagewatches is a Florida limited liability company, having its principal place of business in North Miami, Florida.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1337 and 1338, because this action arises under the Lanham Act, codified at 15 U.S.C. § 1051 et seq., as hereinafter more fully demonstrated. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1338 and 1367, because those claims are joined with substantial and related claims under the Lanham Act.

5. Venue is proper in this district under 28 U.S.C. § 1391 because Defendant resides in this judicial district and because a substantial part of the events and/or omissions giving rise to the claims in this case occurred in this judicial district.

6. Defendant is subject to personal jurisdiction in this State because, among other things: (i) Defendant is engaged in substantial and not isolated activity within Florida; (ii) Defendant is operating, conducting, engaging in, and carrying on a business in Florida; (iii) Defendant has committed, or aided, abetted, contributed to or participated in the commission of improper acts of unauthorized use of proprietary trademarks for which TM Brands is the owner; and (iv) Defendant has systemic and continuous contacts with Florida.

## GENERAL ALLEGATIONS

A. *TM Brands Ownership of TechnoMarine Mark*

7. TM Brands is the owner of various TechnoMarine trademarks. This includes the

word mark "TechnoMarine" and several other TechnoMarine trademarks including the TechnoMarine logo displayed below, Federal Registration Nos. 4398263, 4000628, 4000629 4394401 (hereafter "TechnoMarine trademark," "TechnoMarine mark" or "mark"):



These registrations are valid, subsisting and in full force and effect. *See* Registration Nos. 4398263, 4000628, 4000629 and 4394401, attached as Exhibit "A." TM Brands purchased the trademarks from TechnoMarine, S.A. on March 31, 2015 for a significant sum. In association with that sale, TM Brands terminated all distributor and licensee relationships that existed prior to its purchase of the TechnoMarine trademarks. This included a termination of the relationship with Casa Dimitri Corp. d/b/a/ Dimitri & Co. (hereafter "Dimitri" or "Dimitri Co.")—a former TechnoMarine distributor and licensee. *See* Termination Notices, attached as Composite Exhibit "B."

8.   TM Brands contracts with a law firm to engage in a regular review of the internet for infringing products. As part of its regular review, TM Brands discovered that Garagewatches was offering for sale on Amazon eyewear bearing the TechnoMarine trademark, including the below eyewear:



*See* Garagewatches Amazon Page, attached as Exhibit "C." The eyewear is counterfeit. TM Brands did not manufacture the eyewear nor has TM Brands otherwise approved use of the TechnoMarine trademark on the eyewear.

9. TM Brands immediately informed Amazon of Garagewatches' infringement of its trademark. On September 2, 2016, Amazon, recognizing that TM Brands owned the trademarks and did not authorize the sales, advised Garagewatches that it was removing the infringing eyewear from Amazon. *See* September 2, 2016 correspondence, attached as Exhibit "D." After being so advised, Garagewatches asserted to Amazon that it had purchased the infringing eyewear from Dimitri & Co. on June 17, 2016—well over a year after Dimitri's license and distributor agreements had been terminated. *See* Exhibit "D." Garagewatches represented that Dimitri was an authorized licensee for TechnoMarine products. This assertion, as noted, is inaccurate.

10. Dimitri & Co., as noted, is a former licensee. Dimitri's license agreement was terminated over a year prior to the sale to Garagewatches. At least three termination notices were sent to Dimitri & Co.: one dated May 15, 2015, one dated June 25, 2015 and one dated June 25, 2015. *See* Composite Exhibit "B." In these multiple termination notices, TechnoMarine, in clear, unambiguous language, advised Dimitri that (1) its license and distribution agreements had been terminated; (2) Dimitri must immediately cease to use the TechnoMarine mark; and (3) legal action would be pursued should Dimitri continue to make use of the TechnoMarine mark.

11. A court in this District recently confirmed that, by virtue of the termination, Dimitri & Co. had no further rights in the TechnoMarine marks. *See Casa Dimitri v. Invicta Watch Co. of America, Inc.*, Case No. 15-21038 (S.D. Fla. 2016) [D.E. #162].

12. Upon information and belief, Garagewatches and its principal Jack Kamhazi were well aware that Dimitri was no longer an authorized licensee of TechnoMarine products (and had not been for over a year). Garagewatches regularly does business with Dimitri (or its affiliated companies). In fact, Dimitri and Garagewatches are located in the same warehouse complex, as evidenced by their nearly identical addresses on the invoice. *See* Exhibit "D." Moreover, the principals of the two companies are partners in or jointly associated with another company—Mulco watches. Kamhazi's association with Mulco is evidenced by his email to Amazon in which Kamhazi lists a "mulcowatches.com" email address. TM Brands, further, has independent knowledge that Dimitri is a joint venturer with Mulco in relation to eyewear. As such, not only have Dimitri and Garagewatches done business over the years, but their principals are also partners in or have a joint interest in another business. As such, it is clear that Garagewatches was well aware that the TechnoMarine eyewear it purchased was counterfeit.

13. Garagewatches collaborated with Dimitri to monetize Dimitri's stock of eyewear—eyewear which, again, Garagewatches surely knew Dimitri was prohibited from selling. This collaboration is evidenced by, among other things, the price that Garagewatches paid for the stock. Garagewatches purchased 5,385 units of TechnoMarine branded eyewear—with a retail value of $1,152,890.00—for a minute fraction of the cost—paying only $103,760.10. This is 91% less then market value.

14. Regardless whether Garagewatches knew that Dimitri was not authorized to sell TechnoMarine product at the time of the purchase, Garagewatches has since been made aware of

this point on various occasions. In addition to the communications from Amazon, TM Brands, by letter dated October 7, 2016, informed Garagewatches of this point—that the entity from which it purchased the eyewear was unauthorized to use the TechnoMarine trademark or otherwise sell product bearing the TechnoMarine mark. *See* Exhibit "E." Notwithstanding this, Defendant, despite demand, has not voluntarily agreed to cease sale of the infringing product.

15. Defendant's improper use of the TechnoMarine trademark is causing confusion as to the source or origin of Defendant's products with consumers mistakenly assuming that Defendant and its products are associated with or sponsored or approved by Plaintiff. Defendant's use of the TechnoMarine mark is likely to continue to cause confusion, as consumers will assume that Defendant's products are authorized by, endorsed by, associated with, or are otherwise connected with Plaintiff—the owner of the mark.

16. Defendant's sale of the infringing product (beyond causing confusion), has the potential to otherwise be detrimental to the TechnoMarine brand. Defendant, as noted, purchased the eyewear for well below the cost to manufacturer the product. Given Defendant's low cost basis, nothing prevents Defendant from offering the eyewear for sale at deeply discounted prices, thus diluting the brand. Brand equity is real equity, the balance-sheet value of that identity. Consumers have a collective image of a brand, created by the deployment of its brand assets: name, tradition, packaging, advertising, promotion posture, pricing, trade acceptance, sales force discipline, customer satisfaction and repurchase patterns. The most powerful value contribution of a strong brand is the ability to demand and defend higher prices than competitors. Since powerful brands produce higher margins, discounting can be a sign of weakness: brand demotions. Deep discounts do cause the consumer to believe that something is wrong. Frequent discounting serves to lower the value of the brand because of an almost subconscious reaction by

the consumer who believes that quality also has been lowered.

17.     Defendant has been informed multiple times that the TechonMarine product it is offering for sale is counterfeit.  Defendant, despite this knowledge, continues to sell or attempt to sell the counterfeit product.  Defendant's use of the TechnoMarine trademark is intentionally malicious, willful, wanton and in bad faith.  The use by Defendant of the TechnoMarine trademark unfairly and unlawfully wrests from Plaintiff control over the trademark and reputation.

18.     Defendant's unauthorized acts as described herein have caused and will continue to cause irreparable damage to Plaintiff's business and goodwill unless restrained by this Court.

19.     Plaintiff has retained the law firm of Heller Waldman, P.L. and is obligated to pay it a reasonable fee for its services.

20.     All conditions precedent for filing and maintaining this action have been performed, waived or excused.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

21.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 20 as though fully set forth herein.

22.     This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1).

23.     Plaintiff is the owner of and otherwise has enforceable trademark rights in the TechnoMarine mark.

24.     Defendant's unauthorized use of the TechnoMarine mark is likely to cause confusion, cause mistake or deceive customers as to the source, sponsorship or approval of Defendant's products, and, specifically, to cause consumers to believe that Defendant's products

are sponsored by, affiliated with, approved by or otherwise connected with Plaintiff when such is not the case.

25. Defendant is on actual notice of Plaintiff's ownership and rights in the TechnoMarine mark. Defendant's use of the TechnoMarine mark was and is therefore undertaken with full knowledge that Defendant has no authority to use the TechnoMarine mark. Defendant's use of the TechnoMarine mark was and is therefore in willful violation of Plaintiff's exclusive rights in the TechnoMarine mark and in bad faith.

26. Defendant's acts constitute infringement of Plaintiff's TechnoMarine trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

27. Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff is entitled to equitable relief, injunctive relief and monetary damages, including its attorney's fees and costs.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1125(a))

28. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 20 as though fully set forth herein.

29. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a).

30. Plaintiff has enforceable trademark rights in the TechnoMarine mark.

31. Defendant's unauthorized use of the TechnoMarine mark is likely to cause confusion, cause mistake or deceive customers as to the source, sponsorship or approval of Defendant's products, and, specifically, to cause consumers to believe that Defendant's products

are sponsored by, affiliated with, approved by or otherwise connected with Plaintiff when such is not the case.

32.     Defendant is on actual notice of Plaintiff's rights in the TechnoMarine mark. Defendant's use of the TechnoMarine mark was and is therefore undertaken with full knowledge that Defendant has no authority to use the TechnoMarine mark. Defendant's use of the TechnoMarine mark was and is therefore in willful violation of Plaintiff's exclusive rights in the TechnoMarine mark and in bad faith.

33.     Defendant's acts constitute infringement of Plaintiff's TechnoMarine trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1125(a).

34.     Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff is entitled to equitable relief, injunctive relief and monetary damages, including its attorney's fees and costs.

### COUNT III
### UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION (15 U.S.C. § 1125(a))

35.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 20 as though fully set forth herein.

36.     This is an action for unfair competition, false designation of origin and false description under the Lanham Act, 15 U.S.C. § 1125(a).

37.     Plaintiff has enforceable trademark rights in the TechnoMarine mark.

38.     Defendant's use of the TechnoMarine trademark constitutes a false designation of origin and a false description as to the origin of Defendant's products. Defendant's use of the TechnoMarine mark in association with its products is likely to cause confusion, mistake, or

deception as to the source of Defendant's products and is likely to create the false impression that the products are authorized, sponsored, endorsed or affiliated with Plaintiff.

39. Defendant's actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff is entitled to equitable relief, injunctive relief and monetary damages, including its attorney's fees and costs.

## COUNT IV
## STATUTORY INJURY TO BUSINESS REPUTATION AND DILUTION (Florida Statutes § 495.151)

41. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 20 as though fully set forth herein.

42. This is an action for statutory injury to business reputation and dilution pursuant to Florida Statutes, § 495.151.

43. Defendant's infringing use of the TechnoMarine mark constitutes an unauthorized use of the TechnoMarine trademark, falsely designates the origin of Defendant's products, has caused confusion, mistake and deception and is likely to cause further confusion, mistake or deception, and is therefore causing a likelihood of injury to Plaintiff's business reputation or dilution of the distinctive quality of the TechnoMarine trademark.

44. Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff is entitled to equitable relief, injunctive relief and monetary damages, including its attorney's fees and costs.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

45. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 20 as though fully set forth herein.

46. This is an action for common law unfair competition.

47. Plaintiff has enforceable trademark rights in the TechnoMarine mark.

48. Defendant's use of the TechnoMarine trademark in connection with its products is likely to confuse the public as to the origin, source or sponsorship of Defendant's products or to cause mistake or to deceive the public into believing that Defendant's products are authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff, in violation of Plaintiff's rights in the TechnoMarine mark under the common law of the State of Florida.

49. Defendant's use of the TechnoMarine trademark constitutes unfair competition with Plaintiff in violation of the common law of Florida.

50. Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff is entitled to equitable relief, injunctive relief and monetary damages, including its attorney's fees and costs.

## COUNT VI
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (Florida Statutes §501.204)

51. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 20 as though fully set forth herein.

52. This is an action for violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes, § 501.201, et seq.

53. Plaintiff has enforceable trademark rights in the TechnoMarine mark.

54. Defendant's improper and deceptive use of the TechnoMarine mark constitutes deceptive and unfair trade practices under Florida Statutes § 501.201 et seq., in that the Defendant has represented that their products have the sponsorship and/or approval that they do not have. This is likely to create the false impression that the products are authorized, sponsored, endorsed, or affiliated with Plaintiff.

55. The public is likely to be damaged as a result of Defendant's deceptive and unfair trade practices.

56. Such unfair trade practices are immoral, unethical, oppressive, unscrupulous and offend established public policy.

57. Plaintiff has suffered actual damages as a direct and proximate result of Defendant's wrongful, deceptive and unfair trade practices.

58. Defendant's wrongful, deceptive and unfair trade practices are causing Plaintiff to suffer irreparable harm, and irreparable harm will continue unless enjoined.

59. Unless permanently enjoined by this Court, Defendant will continue said deceptive and unfair trade practices, thereby deceiving the public and causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, by virtue of the unlawful misconduct of Defendant alleged in Counts I through VI above, Plaintiff prays that the Court enter a judgment as follows:

A. Defendant, its divisions, related companies, officers, agents, servants, employees, attorneys and all persons acting in concert or participation with Defendant who receive actual notice of the judgment, be preliminarily and permanently enjoined from:

  (1) using the TechnoMarine mark, in any form or in any manner, in connection with Defendant's products or any mark which is confusingly similar to the TechnoMarine mark, in any form or in any manner;

  (2) committing any acts calculated to cause the public to believe that Defendant and/or any of Defendant's products are associated with, affiliated with or sponsored by Plaintiff or are authorized by Plaintiff, in whole or in part;

  (3) otherwise competing unfairly with Plaintiff in any manner, including without limitation, using a false designation of origin, false description or false representation which misrepresents the nature, characteristics or qualities, source or origin of Defendant's products; and

  (4) attempting, causing, or assisting others with any of the above-described acts;

 B. Pursuant to 15 U.S.C. § 1118, order Defendant and all related companies, divisions, officers, directors, agents, servants, employees, and those persons in active concert or participation with them, to deliver to Plaintiff for destruction all goods, advertising and promotional materials related to the goods, signs, displays, stationery, and all other materials of any kind or nature bearing the TechnoMarine mark, as well as all plates, molds, matrices and other means for making or duplicating the same;

 C. Defendant be required to account to Plaintiff for any and all profits, gains and advantage derived by, and all damages sustained by Plaintiff, by reason of Defendant's acts complained of herein and that such damages and profits be trebled and awarded to Plaintiff pursuant

to 15 U.S.C. § 1117 on the ground that Defendant's misconduct has been willful, deliberate and in bad faith.  Such trebled damages should be, at a minimum, $3,458,670.00;

      D.      Plaintiff recover actual damages and punitive damages in an amount to be determined at trial for violation of Florida common law unfair competition, violations of Florida Statutes § 495.011 and FDUTPA;

      E.      Plaintiff recover pre-judgment interest on the amount awarded and post- judgment interest until paid, to the maximum extent allowed by law;

      F.      Plaintiff recover its costs and reasonable attorney's fees pursuant to 15 U.S.C. §1117(a) and Florida Statutes § 501.2105.

      G.      Plaintiff be awarded such other and further relief, at law or in equity, as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues which are so triable.

Respectfully Submitted
HELLER WALDMAN P.L.
3250 Mary Street, Suite 102
Coconut Grove, Florida 33133
Telephone No:  (305) 448-4144
Facsimile:  (305) 448-4155

By: */s/ Glen H. Waldman*
     Glen H. Waldman, Esq.
     Fla. Bar No. 618624
     Michael A. Sayre, Esq.
     Fla. Bar. No. 17607

## **VERIFICATION**

Under penalty of perjury, the undersigned, Eyal Lalo of TM Brands, LLC declares that he has read the foregoing Complaint and that the facts set forth herein are true and correct to the best of his knowledge and belief.

By: _____
      EYAL LALO
      TM BRANDS, LLC